UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF LYNCH,<br><br>    Respondent. | No.  2:24-cv-00837 WBS SCR P<br><br><br><br>ORDER |

      Petitioner, state prisoner, proceeds pro se. Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the court ordered respondent to file a response to the petition. (ECF Nos. 1, 6.) Respondent filed a motion to dismiss. (ECF No. 11.) Respondent argues (1) the petition is unsigned and unverified; (2) petitioner failed to use the proper form; (3) petitioner failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases; (4) the petition should be dismissed as successive; (5) the petition is untimely; and (6) petitioner failed to exhaust his federal claims. (Id.)

      Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; see also Rule 2(c)(5) of the Rules Governing

1

1  Section 2254 Cases (requiring that the petition be signed under penalty of perjury by the
2  petitioner or someone acting in the petitioner's behalf); Local Rule 190(b) (requiring petitions
3  filed under 28 U.S.C. § 2254 to be signed). "The district court may refuse to file, or may dismiss,
4  an unsigned and unverified petition." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990);
5  see also Dixon v. Clark, 714 F.Supp.2d 1029, 1032 (C.D. Cal. Apr. 22, 2010) (dismissing
6  unsigned and unverified 2254 petition).

   Here, respondent argues that in subsequent habeas proceedings, petitioner might claim, as in Deutscher v. Angelone, 16 F.3d 981, 982-84 (9th Cir. 1994), that the current petition was not authorized, and therefore attempt to avoid the procedural safeguards against successive petitions and abuse of the writ. (ECF No. 11 at 3.) The court will not issue any orders granting or denying relief until an action has been properly commenced.

   Accordingly, respondent's motion to dismiss is granted on the ground that the petition is unsigned and unverified. Petitioner will have an opportunity to re-file the petition bearing his signature.[1] Thereafter, the court will screen the petition. Failure to submit a signed amended petition will result in a recommendation that this action be dismissed.

   Good cause appearing, IT IS HEREBY ORDERED as follows:

   1. Respondent's motion to dismiss (ECF No. 11) is granted on the ground that the petition is unsigned and unverified.
   2. The unsigned petition for writ of habeas corpus filed on March 18, 2024 (ECF No. 1) is dismissed with leave to amend.

////

////

---

[1] By setting a deadline to file an amended petition, the court is making no finding or representation that the petition is not subject to dismissal as untimely. See 28 U.S.C. § 2244(d). Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

3. Petitioner is granted thirty days from the date of this order to file a signed, amended petition. The court will screen the signed, amended petition.

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

DATED: September 8, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3